## OGLETREE v. BRAY.

FISH, C. J.  In 1908 J. F. Ogletree brought an action in the superior court of Meriwether county against Mrs. A. A. Bray, the substance of the petition being as follows: W. C. Bray, the husband of the defendant, died in 1880.  Subsequently she applied to said court for dower, and in August, 1881, commissioners were appointed to assign it.  In October, 1881, all the lands belonging to the estate of the deceased husband were sold at sheriff's sale, subject to the widow's (the defendant's) right of dower therein, and a deed thereto executed by the sheriff to the purchaser.  In January, 1882, the commissioners, who had laid off and admeasured dower in such lands to the defendant, made their return to the court, accompanied by a plat of the survey made at their instance by the county surveyor.  No further steps have ever been taken in the proceedings for dower, and the return of the commissioners has never been made the judgment of the court.  The defendant, about the time that the return was made, went into posession as dowress of that portion of the land assigned to her as dower in the return.  In 1889 and 1896 defendant sold and conveyed her life-estate in certain described portions of the land so assigned her as dower to the purchaser at the sheriff's sale.  Defendant has continuously remained in possession of the balance of the dower land since it was assigned to her.  By reason of the fact that the return has never been made the judgment of the court, and because of her long possession, the defendant is setting up title in the dower land adverse to plaintiff, and is claiming that she has title to the same in fee by prescription.  Only two of the five commissioners who laid off the dower, and who know that defendant went into possession thereof as dowress, are living, and they are old and infirm, and their testimony may soon be lost to the plaintiff.  Among the prayers were the following: (1) that the return of the commissioners be made the judgment of the court; (2) that it be decreed that the defendant has only a life-estate in such of the land as she is in possession of and which was assigned her as dower, and that, as against her, the plaintiff owns the fee therein;

and (3) that defendant be enjoined from disposing of the fee in such land. *Held,* (1) that as the purchaser at sheriff's sale of the fee in the land in question, by reason of his interest therein, was a party to the dower proceedings, and as he, after the assignment of dower, purchased from the defendant, as dowress, her life-estate in certain portions of the dower land, he had the right, not only for the purpose of protecting his interest in fee in the dower land, but also for the purpose of protecting his interest in the life-estate in so much of the land as he bought from the defendant, to have the dower proceedings perfected by having the return of the commissioners made the judgment of the court, nunc pro tunc, and that the plaintiff, who held under such purchaser, had the same right: 23 Cyc. 840(F); Ib. 841 (n. 29); Ib. 844 (4, n. 43); Ib. 846 (2, n. 57); (2) that as the plaintiff was properly in court to have the return made the judgment of the court, he was entitled in the same action to the other relief sought in the prayers above noted; and (3) that the court erred in sustaining a general demurrer to the petition.

*Judgment reversed. Beck, J., absent. The other Justices concur.*

AUGUST 11, 1910.

Complaint. Before Judge Freeman. Meriwether superior court. August 17, 1909.

*Hill & Culpepper,* for plaintiff.

*McLaughlin, Jones & Jones,* for defendant.